UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED WILLIAMS, </br>   Plaintiff, </br></br> vs. </br></br> MICHAEL D. McCOY, et. al., </br>   Defendants. | ) </br> ) </br> ) </br> )   No. 20-1266 </br> ) </br> ) </br> ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Sheriff Michael McCoy and Mental Health Professional Jennifer violated his constitutional rights at the Peoria County Jail beginning August 21, 2013 and continuing for the next eleven months. (Comp., p. 3, 4). The body of Plaintiff's complaint is one paragraph.

> I was incarcerated (at) P.C.S.D. First day, I hung myself with a crisis blanket. They did a complete strip-out. I had to wait a month for my blanket back and three months to get off watch. Two weeks later I hung myself again. They put me back on watch. This time I was on watch from Nov. 13 to July 14. Then I went to N.R. C. (Comp., p. 4).

There are several problems with Plaintiff's complaint. First, Plaintiff has not

clearly stated a violation of his constitutional rights. Second, Plaintiff makes no mention of the named Defendants in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003)(merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)(district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). Therefore, Plaintiff fails to explain how each Defendant was involved in his claims.

Most important is the time frame of Plaintiff's allegations. The only year mentioned in Plaintiff's complaint is 2013. The Court has confirmed Plaintiff was first incarcerated in Peoria County in 2013 and was transferred to the Illinois Department of Corrections where he has remained since that time.[1]

Plaintiff's claims are subject to a two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Since Plaintiff was aware of the alleged constitutional violations in 2013, Plaintiff had to file his complaint before 2016. Consequently, Plaintiff's claims are barred by the statute of limitations period and the Court must dismiss his lawsuit.

IT IS THEREFORE ORDERED:

---

[1] *See* IDOC, Offender Search, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited November 13, 2020)

1) Plaintiff's complaint is dismissed in its entirety with prejudice as Plaintiff's claims are barred by the two-year statute of limitations period. All pending motions are denied as moot. [(counsel), 3, 11].

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 16th day of November, 2020.

s/James E. Shadid

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE